# IN THE MATTER OF NICHOLSON.
## (SUPREME COURT DISCIPLINARY NO. 324)

PER CURIAM.

James E. Nicholson, Jr. was retained by Richard A. Wykoff, a student, to represent him in a divorce action. On September 14, 1982, the trial judge in the divorce proceeding entered an order stating, in part: "Each party is hereby enjoined and restrained from selling, encumbering, contracting to sell, or otherwise disposing of or removing from the jurisdiction of the Court, any of the property belonging to the parties except in the ordinary course of business." On September 23, 1982, Nicholson accepted a check from Wykoff in the amount of $3,000. In his complaint filed with the state bar, Wykoff asserted that Nicholson advised him to pay his tuition in advance and to turn over $3,000 of his savings to him. In this manner, Nicholson could hold the money in an escrow account and prevent Wykoff's wife from obtaining the money in the divorce settlement. Under the arrangement, Nicholson was to pay Wykoff 25% interest and would return the money to him in 45 to 60 days. Nicholson admits that he advised Wykoff to pay his tuition in advance and turn over the $3,000 to him, but he claims the money was a loan. He denies that the funds were conveyed to him to prevent Wykoff's wife from obtaining alimony. It is uncontroverted that Nicholson has failed to return Wykoff's funds or to render an accounting thereof.

On February 10, 1983, Wykoff filed a Memorandum of Complaint with the State Bar of Georgia. The Special Master conducted a hearing, entered findings of fact, and concluded that, regardless of whether the transaction between Wykoff and Nicholson was a bona fide loan or merely a device to hide Wykoff's assets, Nicholson's actions were in direct violation of the trial court's September 14 order. The Special Master further found that Nicholson's actions violated Standards 4 and 45 of State Bar Rule 4-102 (Code Ann. Title 9 Appendix). Standard 4 provides: "A lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation." Standard 45 provides: "In his representation of a client, a lawyer shall not: . . . (d) counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent."

The State Disciplinary Board adopted the findings of the Special Master and recommended that James E. Nicholson, Jr. be suspended from the practice of law in the State of Georgia for 60 days, provided he make full restitution to Wykoff of $2,450 plus 25% interest. The Board further recommended that if Nicholson does not make complete restitution to Wykoff within 60 days that his

suspension continue beyond the 60-day period until complete restitution has been made.

Based upon our review of the file, the Court accepts, concurs in and adopts the recommendation of the State Disciplinary Board. It is ordered that Nicholson be suspended from the practice of law for a period of 60 days. If complete restitution is not made within this time, then the suspension is to be continued until complete restitution has been made.

*All the Justices concur.*

DECIDED MAY 16, 1984.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.